UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEBRADRE D. JACKSON,

        Plaintiff,

v.                                    Case No. 18-cv-6-pp

OZAUKEE COUNTY
SHERIFF'S DEPARTMENT, *et al.*,

        Defendants.

**ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING AND DISMISSING THE PLAINTIFF'S COMPLAINT (DKT. NO. 1)**

        The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, and screens and dismisses the complaint.

**I.    THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

        The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed the complaint. 28 U.S.C. §1915. The PLRA allows an incarcerated plaintiff to proceed with a case in federal court without pre-paying the full civil case filing fee, if he pays an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee,

he can pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 11, 2018, the court assessed an initial partial filing fee of $2.79. Dkt. No. 5. The court received that payment on February 1, 2018. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filling fee and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II. SCREENING OF THE PLAINTIFF'S COMPLAINT

### A. Standard for Screening Complaints

The PLRA requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will

not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. Facts Alleged in the Complaint

The plaintiff is an inmate at the Racine Correctional Institution (RCI). Dkt. No. 1. On and around April 5, 2017, the plaintiff was being transported on a writ in a van belonging to the Ozaukee County Sheriff's Department. Id. at ¶¶5, 9. Ozaukee County Sheriff Deputies Brian Parr and Gary Keller were responsible for driving the plaintiff back to RCI. Id. at ¶10. Parr drove the

prisoner transportation van and Keller sat in the front seat. Id. at ¶¶6, 8. The plaintiff sat in the back seat with his hands and feet shackled. Id. at ¶7.

At some point during the ride back to RCI, Parr struck another vehicle. Id. The impact caused the plaintiff to "whip forward striking his head on the metal cage and whipping backwards hittin[g] the back of his head." Id. Keller opened the back door and asked the plaintiff if he was ok. Id. at ¶11. The plaintiff replied that he wasn't—he was in pain because he hit his head on the metal cage. Id. The plaintiff alleges that Keller, ignoring his serious injuries, closed the back door and "proceeded to return the plaintiff back to Racine Correctional." Id. at ¶12. The plaintiff suffered in pain for "two to three hours" until arriving at RCI. Id.

Once the plaintiff arrived at RCI, he "had to be rushed to the Emergency room." Id. at ¶13. He says that he was in worse condition than before and had severe neck and back pain. Id. Since then, the plaintiff has had to attend physical therapy for his spine and back. Id. at ¶14. For relief, the plaintiff seeks monetary damages. Id. at ¶¶19-21.

C.     Legal Analysis of Alleged Facts

To state a claim under 42 U.S.C. §1983, the plaintiff must allege that: 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)).

4

The plaintiff has named three defendants—the Ozaukee County Sheriff's Department, Deputy Parr and Deputy Keller. Dkt. No. 1 at 1. This is the ninth §1983 case the plaintiff has filed in this district in the last four years. He should be aware by now that a sheriff's department is not subject to liability under §1983, because it is not a separate, suable legal entity. The Sheriff's Department is an arm of the county. See, *e.g.*, Whiting v. Marathon Cty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004); Tate v. Milwaukee Cty. Sheriff's Dep't, Case No. 08-c-1095-RTR, 2008 WL 5423984 at *3 (E.D. Wis. Dec. 29, 2008); Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999). The court will dismiss the Ozaukee County Sheriff's Department as a defendant.

That leaves Deputies Parr and Keller. To state a medical claim under the Eighth Amendment, the plaintiff must allege that officials were deliberately indifferent to his serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). There are two components to a deliberate indifference claim, one objective and one subjective; the plaintiff first must allege that his condition was objectively serious, then must allege that the defendants were "deliberately indifferent" to his serious medical needs. Id.

A condition is objectively serious if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997). Prison official show "deliberate indifference" when they have actual knowledge of the inmate's serious medical condition and

either act or fail to act in disregard of that risk. Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). The plaintiff must show that the officials acted with a sufficiently culpable state of mind. See Farmer, 511 U.S. at 847.

A minor delay in referring a prisoner to treatment does not typically suggest deliberate indifference. Berry v. Peterman, 604 F.3d 435, 442 (7th Cir. 2010) ("We do not suggest that a minor delay in treatment constitutes deliberate indifference.") The Seventh Circuit affirmed a district court's conclusion that a two-hour delay in the treatment of a broken hand did "not seem like an unreasonably long wait" to x-ray, examine and possibly cast an injury. Murphy v. Walker, 51 F.3d 714, 721 (7th Cir. 1995); see also Brown v. Darnold, 505 Fed. Appx. 584, 587 (7th Cir. 2013) (concluding that a two-hour delay in treatment for back pain did not suggest deliberate indifference). Even when the plaintiff "clearly" has "a severe injury," the Seventh Circuit has held that a minor delay in providing medical care did not rise to the level of a constitutional violation, because "the public often waits longer at hospital emergency rooms." Langston v. Peters, 100 F.3d 1235, 1240-41 (7th Cir. 1996). The delay in treatment "does not by itself implicate the Eighth Amendment." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992).

The plaintiff alleges that he experienced whiplash when the transport van hit another vehicle. He had back pain and neck pain that got worse during the "two to three hour" ride back to RCI. Once he arrived at RCI, prison staff "rushed" him to the emergency room. These allegations do not rise to the level of a constitutional violation.

6

Other than alleging that Keller "ignored" the plaintiff's statement that he was not okay, the plaintiff does not say what the deputies should have done. They were not doctors; unless the plaintiff had, for example, a bleeding injury that they could bandage, it is likely that they were not qualified to give the plaintiff medical treatment. Perhaps the defendants could have driven the plaintiff directly to the emergency room immediately, rather than returning to the institution first. The court is not aware of the regulations that govern taking an inmate to an outside medical facility, but even if no regulations prohibited it, there is no way to know whether the plaintiff would have been treated any faster in that scenario. The two or three hour delay in treatment, standing alone, does not implicate the Eighth Amendment.

The plaintiff does not allege that the defendants intentionally delayed treatment to cause him pain. See Knight v. Wiseman, 590 F.3d 458, 466 (7th Cir. 2009) (ruling that a delay in treatment did not state a claim because there was no allegation of "willful ignorance or malice"). He states that the defendants opened the back door to see if he was okay, and that they waited until they returned to RCI to take the plaintiff to the emergency room. The plaintiff does not allege that he asked the deputies to take him to the emergency room immediately, nor does he allege that he was bleeding, paralyzed or had some other life-threatening injury. Nothing about the plaintiff's factual allegations suggests malice on the part of the defendants, or that they intentionally delayed in treating a serious medical condition.

The court concludes that the plaintiff failed has not stated a claim for which the court can grant relief under the Eighth Amendment. Because the plaintiff did not state a claim under the Eighth Amendment, the court cannot take supplemental jurisdiction over his state law negligence claim. See Groce v. Eli Lilly & Co., 193 F.3d 496, 500–01 (7th Cir. 1999). The court will dismiss the case for failure to state a claim.

## IV. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** the agency having custody of the plaintiff to collect from the plaintiff's prison trust account the **$347.21** balance of the filing fee by collecting monthly payments from the trust account in an amount equal to 20% of the preceding month's income credited to the account, and to forward payments to the Clerk of Court each time the amount in the account exceeds $10, in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The clerk will enter judgment accordingly.

The court **ORDERS** that the clerk document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g)

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30** days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). A party must file any motion under Federal Rule of Civil Procedure 59(e) within **28** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). A party must file any motion under Federal Rule of Civil Procedure 60(b) within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court advises parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 31st day of August, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**