UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEBRADRE D. JACKSON,

          Plaintiff,

v.                                            Case No. 18-cv-6-pp

OZAUKEE COUNTY
SHERIFF'S DEPARTMENT, *et al.*,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND MOTION TO AMEND COMPLAINT (DKT. NO. 8)**

On August 31, 2018, the court dismissed this case because the plaintiff's complaint did not state a claim for which a federal court could grant relief. Dkt. No. 6. The court concluded that a "two to three hour" delay in treating the plaintiff's whiplash—whiplash the plaintiff alleged was caused when the transport van in which he was a passenger hit another car—did not suffice to state a claim for an Eighth Amendment violation. Id. at 6-7. Specifically, the court concluded that there was nothing malicious or improper about the defendants waiting until the transport vehicle arrived at the institution to provide the plaintiff with medical care for his whiplash. Id. at 7. The plaintiff followed up by filing a motion for relief from judgment and motion to amend the complaint. Dkt. No. 8. The plaintiff attached a proposed amended complaint for the court to review. Dkt. No. 8-1.

The plaintiff filed his motion under Fed. R. Civ. P. 59(e). That rule allows a party to file a motion to "alter or amend a judgment" "no later than 28 days

1

after the entry of the judgment." The court received the plaintiff's motion on September 24, 2018—twenty-four days after the court entered judgment. The plaintiff's motion was timely filed.

Rule 59(e) motions serve a very limited purpose. A court may alter or amend a judgment under Rule 59(e) when the plaintiff presents newly discovered evidence or shows that the court committed a manifest error of law or fact. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error" is not demonstrated by the disappointment of the losing party. Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Id. (quoting Sedrak v. Callahan, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff's motion does not present the court with newly-discovered evidence. He does not identify any manifest error of law or fact that the court committed in dismissing his complaint. The motion says only that he would like permission to amend the complaint because the plaintiff "corrected some information in the old complaint and stated detailed information in fact the [sic] was left out-overlooked when writing complaint." Dkt. No. 8. The fact that the plaintiff left some facts out of his complaint is not a sufficient basis for the court to grant the motion to alter or amend the complaint under Rule 59(e).

Nor has the plaintiff stated sufficient grounds for amending the complaint. First, there is no complaint for him to amend, because the court

dismissed the complaint. Second, even if the court were to reopen the case, it would be futile for the court to grant the plaintiff leave to amend the complaint.

"A district court does not abuse its discretion in denying leave to amend if the proposed repleading would be futile . . . ." Garcia v. City of Chi., Ill., 24 F.3d 966, 970 (7th Cir. 1994) (citing DeSalle v. Wright, 969 F.2d 273, 278 (7th Cir.1992)). "[F]utile repleadings include restating the same facts using different language, reasserting claims previously determined, failing to state a valid theory of liability, and the inability to survive a motion to dismiss." Id. (internal citations omitted).

The plaintiff's proposed amended complaint adds a few details to the facts he stated in the dismissed complaint. He explains that the accident where the transport van hit a car happened in the Ozaukee County Jail parking lot. Dkt. No. 8-1 at 2. He asserts that the jail had "on-site medical staff" that could have come and treated his injuries. Id. at 3. He alleges that instead of the jail staff coming to treat his injuries, the deputies "got back in the van and drove [him] 2-3 hours away to Racine Correctional," and that the deputies did not inform the staff at Racine Correctional that he was hurt or make sure he got proper care. Id. at 3-4. The proposed amended complaint asserts that the plaintiff could have had a "neck fracture" or "internal bleeding in the skull." Id. at 3, ¶4.

A minor delay in referring a prisoner to treatment does not typically suggest deliberate indifference. Berry v. Peterman, 604 F.3d 435, 442 (7th Cir. 2010) ("We do not suggest that a minor delay in treatment constitutes

deliberate indifference.") The Seventh Circuit affirmed a district court's conclusion that a two-hour delay in the treatment of a broken hand "did not seem like an unreasonably long wait" to x-ray, examine and possibly cast an injury. Murphy v. Walker, 51 F.3d 714, 721 (7th Cir. 1995); see also Brown v. Darnold, 505 F.3d App'x 584, 587 (7th Cir. 2013) (concluding that a two-hour delay in treatment for back pain did not suggest deliberate indifference). Even when the plaintiff "clearly" has "a severe injury," the Seventh Circuit has held that a minor delay in providing medical care did not rise to the level of a constitutional violation, because "the public often waits longer at hospital emergency rooms." Langston v. Peters, 100 F.3d 1235, 1240-41 (7th Cir. 1996). The delay in treatment "does not by itself implicate the Eighth Amendment." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992).

The new facts in the proposed amended complaint do not change the court's analysis of the plaintiff's Eighth Amendment claim. The plaintiff says that after the collision, Deputy Keller asked him if he was alright. Dkt. No. 8-1 at 2. The plaintiff says he told Keller that he was not alright, and was in "a lot of pain" from hitting his head. Id. The plaintiff says that a lay person should have known the dangers of auto accidents, and that Keller should have known "how it is a serious medical condition when the person involved in the accident informs them they are injured." Id. at 2-3. The plaintiff speculates that he could have had fractures or internal bleeding, and that because of these possibilities, the defendants should have taken him back inside the jail to see medical staff. Id. at 3. He says that their choice to drive him back to Racine

4

Correctional Institution two to three hours away constituted deliberate indifference.[1] He also alleges that the deputies didn't tell Racine staff about the accident, although the dismissed complaint indicated that upon arriving at Racine, the plaintiff was "rushed to the Emergency room at 'Aurora Health Care, 10400 75th St., Kenosha, Wisconsin 53142.'" Dkt. No. 1 at 2.

Other than the plaintiff's allegation that he told Keller he was in a "lot of pain" and that he was not alright, the proposed amended complaint does not allege any facts to demonstrate that the defendants had any reason to believe that the plaintiff was suffering from an objectively serious medical condition. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). The plaintiff says that even a lay person would have recognized that being in a collision could cause a serious medical condition, but that is not the test. The test is not whether the plaintiff *could have* suffered a serious medical condition, but whether the defendants had any reason to believe that he *was* suffering from such a condition when they decided to take him back to Racine. The plaintiff does not allege that he was bleeding, or that he passed out, or that his vision was blurred, or that he could not move his head or neck. He says only that he told Keller that he was in "a lot of pain." Even if that was enough to make Keller aware that the plaintiff had an objectively serious medical condition, Keller's choice to take the plaintiff the fifty miles back to Racine, rather than take him back into the county jail to see the staff there, does not show that he had

---

[1] The two facilities are fifty miles apart—a drive of a little under an hour on the fastest route in normal traffic.

5

actual knowledge of a serious risk to the plaintiff but acted in disregard of that risk.

The plaintiff has not stated grounds for the court to alter or amend its judgment under Rule 59(e), and even if he had, it would be futile for the court to allow him to amend his complaint because the proposed amended complaint does not state a claim for deliberate indifference.

The court **DENIES** the plaintiff's motion for relief from judgment and motion to amend the complaint. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 13th day of August, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**